KATTEN MUCHIN ROSENMAN LLP
Gail Migdal Title (Cal. State Bar No. 049023)
David Halberstadter (Cal. State Bar No. 107033)
Tiffany J. Hofeldt (Cal. State Bar No. 228864)
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

Attorneys for Defendant DREAMWORKS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CAMHE, JONATHAN SEGAL, TODD M. CAMHE PRODUCTIONS, INC., TEMPEST RIDGE ENTERTAINMENT, INC. f/k/a KICK IT! ENTERTAINMENT, INC.<br><br>Plaintiff,<br><br>vs.<br><br>DREAMWORKS, LLC<br><br>Defendant. | Case No. CV 07 03741<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendant DREAMWORKS LLC ("DreamWorks") hereby answers the First Amended Complaint filed by Plaintiffs TODD CAMHE, JONATHAN SEGAL, TODD M. CAMHE PRODUCTIONS, INC., and TEMPEST RIDGE ENTERTAINMENT, INC. f/k/a KICK IT! ENTERTAINMENT, INC. (collectively, "Plaintiffs") as follows:

## ANSWER TO INTRODUCTORY ALLEGATIONS

1. Referring to paragraph 1, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph pertaining to

1

1 Plaintiffs, the development of their television treatment and screenplay, and the claims in this lawsuit, and, on that basis, denies these allegations.

2. Referring to paragraph 2, DreamWorks admits that in or about August 2000, Justin Falvey met with Plaintiffs, that Plaintiffs discussed with Falvey during the August 2000 meeting a proposed television series about Hollywood private investigators, and that, based upon information and belief, some writing sample may have been provided to Falvey by Plaintiffs or their representative(s) prior to the August 2000 meeting. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 2.

3. Referring to paragraph 3, DreamWorks admits and alleges that in the Summer/Fall of 2002, DreamWorks began developing for NBC Studios a television series set in Las Vegas created by Gary Scott Thompson, that the television series *Las Vegas* originally was produced by NBC Studios and DreamWorks Television, that the series most recently was produced by Universal Media Studios and DreamWorks Television and that the series regularly has been described as a "fast-paced, sexy drama [that] follows the elite Las Vegas surveillance team charged with maintaining the security of one of Sin City's largest resorts and casinos." Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 3.

4. Referring to paragraph 4, DreamWorks denies the allegations thereof.

5. Referring to paragraph 5, DreamWorks denies the allegations thereof.

## ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

6. Referring to paragraph 6, DreamWorks admits that Plaintiffs purport to assert a claim for copyright infringement that would arise under 17 U.S.C. § 1 et seq. and certain claims purportedly arising under state law. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 6.

7. Referring to paragraph 7, DreamWorks admits the allegations thereof.

8. Referring to paragraph 8, DreamWorks admits the allegations thereof.

## ANSWER TO PARTY ALLEGATIONS

9. Referring to paragraph 9, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

10. Referring to paragraph 10, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

11. Referring to paragraph 11, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

12. Referring to paragraph 12, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

13. Referring to paragraph 13, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

14. Referring to paragraph 14, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

15. Referring to paragraph 15, DreamWorks admits and alleges that it is a motion picture and television studio that, among other things, develops, produces and distributes motion pictures and television programs. DreamWorks further admits that it is a Delaware corporation. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 15.

16. Referring to paragraph 16, DreamWorks admits and alleges that in or about August 2002, NBC and DreamWorks Television publicly announced that they had entered into a two-year primetime series development "partnership" to develop new comedy and reality series, pursuant to which NBC was entitled to a "first look" at

1  all future properties developed by the venture, and pursuant to which NBC agreed to
2  provide financing for the programs in return for a majority ownership stake. Except
3  as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph
4  16.
5      17.   Referring to paragraph 17, DreamWorks denies the allegations thereof.
6      18.   Referring to paragraph 18, DreamWorks admits and alleges that in or
7  about December 2005, Viacom Inc. acquired DreamWorks for approximately $1.6
8  billion in cash and the assumption of debt. Except as so expressly admitted and
9  alleged, DreamWorks denies the allegations of paragraph 18.
10
11  **ANSWER TO GENERAL BACKGROUND ALLEGATIONS**
12     19.   Referring to paragraph 19, DreamWorks lacks information and belief
13  sufficient to enable it to answer the allegations of this paragraph and, on that basis,
14  denies the allegations thereof.
15     20.   Referring to paragraph 20, DreamWorks lacks information and belief
16  sufficient to enable it to answer the allegations of this paragraph and, on that basis,
17  denies the allegations thereof.
18     21.   Referring to paragraph 21, DreamWorks lacks information and belief
19  sufficient to enable it to answer the allegations of this paragraph and, on that basis,
20  denies the allegations thereof.
21     22.   Referring to paragraph 22, DreamWorks lacks information and belief
22  sufficient to enable it to answer the allegations of this paragraph and, on that basis,
23  denies the allegations thereof.
24     23.   Referring to paragraph 23, DreamWorks lacks information and belief
25  sufficient to enable it to answer the allegations of this paragraph and, on that basis,
26  denies the allegations thereof.
27
28

24. Referring to paragraph 24, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

25. Referring to paragraph 25, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

26. Referring to paragraph 26, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

27. Referring to paragraph 27, DreamWorks admits and alleges that Justin Falvey ("Falvey") serves as co-head of DreamWorks Television, that he was named to this position in January 2002, and that in this capacity, he oversees all series development and longform programming for the studio. DreamWorks further admits and alleges that Falvey joined DreamWorks in 1995 and served as a television development and programming executive until 2002. DreamWorks further admits and alleges that Falvey has also served as an executive producer of *Las Vegas* for each of its five seasons. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 27.

28. Referring to paragraph 28, DreamWorks admits and alleges that Darryl Frank ("Frank") serves as co-head of DreamWorks Television and that he was named to this position in January 2002. DreamWorks further admits and alleges that Frank originally joined DreamWorks Television in 1995 as a development and programming executive. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 28.

29. Referring to paragraph 29, DreamWorks admits that in or about August 2000, Larry Kennar ("Kennar") contacted Falvey in order to set up a meeting on behalf of Plaintiffs. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 29.

30. Referring to paragraph 30, DreamWorks admits and alleges that, as of August 2000, Falvey was familiar with Kennar and that prior thereto, Kennar probably had introduced other of his clients to Falvey. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 30.

31. Referring to paragraph 31, DreamWorks denies the allegations thereof.

32. Referring to paragraph 32, DreamWorks admits and alleges, based upon information and belief, that some writing sample may have been provided to Falvey by Plaintiffs and/or Kennar prior to the August 9, 2000 meeting. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 32.

33. Referring to paragraph 33, DreamWorks admits that Falvey met with Plaintiffs on or about August 9, 2000, that Plaintiffs discussed with Falvey at this meeting a proposed television series about Hollywood private investigators, and that Falvey and Frank later became executive producers of *Las Vegas*. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 33.

34. Referring to paragraph 34, DreamWorks admits that Plaintiffs discussed various topics during the August 9, 2000 meeting. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 34.

35. Referring to paragraph 35, DreamWorks denies the allegations thereof.

36. Referring to paragraph 36, DreamWorks denies the allegations thereof.

37. Referring to paragraph 37, DreamWorks denies the allegations thereof.

38. Referring to paragraph 38, DreamWorks denies the allegations thereof.

39. Referring to paragraph 39, DreamWorks denies the allegations thereof.

40. Referring to paragraph 40, DreamWorks denies the allegations thereof.

41. Referring to paragraph 41, DreamWorks denies the allegations thereof.

42. Referring to paragraph 42, DreamWorks denies the allegations thereof.

43. Referring to paragraph 43, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

44. Referring to paragraph 44, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

45. Referring to paragraph 45, DreamWorks denies the allegations thereof.

46. Referring to paragraph 46, DreamWorks admits and alleges that in or about July 2002, Gary Scott Thompson ("Thompson") presented a number of potential television series ideas to DreamWorks, that DreamWorks informed Thompson of NBC's interest in developing a television series set in Las Vegas, and that Thompson is the credited creator of *Las Vegas*. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 46.

47. Referring to paragraph 47, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

48. Referring to paragraph 48, DreamWorks admits that on or about October 15, 2002, Thompson submitted to DreamWorks a first draft television pilot screenplay, entitled *Untitled Vegas Pilot*. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 48.

49. Referring to paragraph 49, DreamWorks admits that the October 21, 2002 issue of Variety includes an article that contains the quotation set forth in paragraph 49 of the First Amended Complaint. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 49.

50. Referring to paragraph 50, DreamWorks admits that Falvey and Frank serve as two of the executive producers of *Las Vegas*.

51. Referring to paragraph 51, DreamWorks admits and alleges that the television series *Las Vegas* originally was produced by NBC Studios and DreamWorks Television, and that it currently is produced by Universal Media Studios and DreamWorks Television. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 51.

52. Referring to paragraph 52, DreamWorks admits that the *Las Vegas* series premiered on September 22, 2003 on the NBC television network.

53. Referring to paragraph 53, DreamWorks admits that Plaintiffs received no credit or compensation from DreamWorks in connection with *Las Vegas*. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 53.

54. Referring to paragraph 54, DreamWorks admits and alleges that, in or about February 2007, NBC announced that it had renewed *Las Vegas* for a fifth broadcast season. Except as so expressly admitted and alleged, DreamWorks denies the allegations of paragraph 54.

55. Referring to paragraph 55, DreamWorks admits that *Las Vegas* is broadcast or telecast in numerous countries around the world. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 55.

56. Referring to paragraph 56, DreamWorks admits that *Las Vegas* currently is also telecast on Turner Network Television. Except as so expressly admitted, DreamWorks denies the allegations of paragraph 56.

57. Referring to paragraph 57, DreamWorks denies the allegations thereof.

58. Referring to paragraph 58, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

59. Referring to paragraph 59, DreamWorks denies the allegations thereof.
60. Referring to paragraph 60, DreamWorks denies the allegations thereof.
61. Referring to paragraph 61, DreamWorks denies the allegations thereof.
62. Referring to paragraph 62, DreamWorks denies the allegations thereof.
63. Referring to paragraph 63, DreamWorks denies the allegations thereof.
64. Referring to paragraph 64, DreamWorks denies the allegations thereof.
65. Referring to paragraph 65, DreamWorks denies the allegations thereof.
66. Referring to paragraph 66, DreamWorks denies the allegations thereof.

67. Referring to paragraph 67, DreamWorks denies the allegations thereof.

68. Referring to paragraph 68, DreamWorks denies the allegations thereof.

69. Referring to paragraph 69, DreamWorks denies the allegations thereof.

70. Referring to paragraph 70, DreamWorks denies the allegations thereof.

71. Referring to paragraph 71, DreamWorks denies the allegations thereof.

72. Referring to paragraph 72, DreamWorks denies the allegations thereof.

73. Referring to paragraph 73, DreamWorks denies the allegations thereof.

74. Referring to paragraph 74, DreamWorks denies the allegations thereof.

75. Referring to paragraph 75, DreamWorks denies the allegations thereof.

76. Referring to paragraph 76, DreamWorks denies the allegations thereof.

77. Referring to paragraph 77, DreamWorks denies the allegations thereof.

78. Referring to paragraph 78, DreamWorks denies the allegations thereof.

79. Referring to paragraph 79, DreamWorks denies the allegations thereof.

80. Referring to paragraph 80, DreamWorks denies the allegations thereof.

81. Referring to paragraph 81, DreamWorks denies the allegations thereof.

82. Referring to paragraph 82, DreamWorks denies the allegations thereof.

83. Referring to paragraph 83, DreamWorks denies the allegations thereof.

84. Referring to paragraph 84, DreamWorks denies the allegations thereof.

85. Referring to paragraph 85, DreamWorks denies the allegations thereof.

86. Referring to paragraph 86, DreamWorks denies the allegations thereof.

87. Referring to paragraph 87, DreamWorks denies the allegations thereof.

88. Referring to paragraph 88, DreamWorks denies the allegations thereof.

89. Referring to paragraph 89, DreamWorks denies the allegations thereof.

## ANSWER TO FIRST CAUSE OF ACTION

### (Copyright Infringement)

90. Referring to paragraph 90, DreamWorks incorporates by reference the admissions, denials and allegations of paragraphs 1 through 83, inclusive, of this

Answer as though set forth in full.

91. Referring to paragraph 91, DreamWorks denies the allegations thereof.

92. Referring to paragraph 92, DreamWorks lacks information and belief sufficient to enable it to answer the allegations of this paragraph and, on that basis, denies the allegations thereof.

93. Referring to paragraph 93, DreamWorks denies the allegations thereof.

94. Referring to paragraph 94, DreamWorks denies the allegations thereof.

95. Referring to paragraph 95, DreamWorks denies the allegations thereof.

96. Referring to paragraph 96, DreamWorks denies the allegations thereof.

97. Referring to paragraph 97, DreamWorks denies the allegations thereof.

98. Referring to paragraph 98, DreamWorks denies the allegations thereof.

99. Referring to paragraph 99, DreamWorks denies the allegations thereof.

100. Referring to paragraph 100, DreamWorks denies the allegations thereof.

101. Referring to paragraph 101, DreamWorks denies the allegations thereof.

102. Referring to paragraph 102, DreamWorks denies the allegations thereof, and specifically denies that Plaintiffs, or any of them, have sustained any damages whatsoever as a direct or proximate result of any alleged act or omission by DreamWorks.

103. Referring to paragraph 103, DreamWorks denies the allegations thereof, and specifically denies that Plaintiffs, or any of them, have sustained any damages whatsoever as a direct or proximate result of any alleged act or omission by DreamWorks.

104. Referring to paragraph 104, DreamWorks denies that Plaintiffs, or any of them, are entitled to any of the relief requested in this paragraph.

## ANSWER TO SECOND CAUSE OF ACTION

### (Implied-In-Fact Contract)

105. Referring to paragraph 105, DreamWorks incorporates by reference the admissions, denials and allegations of paragraphs 1 through 97, inclusive, of this Answer as though set forth in full.

106. Referring to paragraph 106, DreamWorks denies the allegations thereof.

107. Referring to paragraph 107, DreamWorks denies the allegations thereof.

108. Referring to paragraph 108, DreamWorks denies the allegations thereof.

109. Referring to paragraph 109, DreamWorks denies the allegations thereof.

110. Referring to paragraph 110, DreamWorks denies the allegations thereof.

111. Referring to paragraph 111, DreamWorks denies the allegations thereof.

112. Referring to paragraph 112, DreamWorks denies the allegations thereof.

113. Referring to paragraph 113, DreamWorks denies the allegations thereof.

114. Referring to paragraph 114, DreamWorks denies the allegations thereof, and specifically denies that Plaintiffs, or any of them, are entitled to recover any amounts whatsoever from DreamWorks.

115. Referring to paragraph 115, DreamWorks denies the allegations thereof, and specifically denies that Plaintiffs, or any of them, have sustained or are entitled to recover any damages whatsoever as a direct or proximate result of any alleged act or omission by DreamWorks.

## ANSWER TO THIRD CAUSE OF ACTION

### (Breach of Confidence)

116. Referring to paragraph 116, DreamWorks incorporates by reference the admissions, denials and allegations of paragraphs 1 through 108, inclusive, of this Answer as though set forth in full.

117. Referring to paragraph 117, DreamWorks denies the allegations thereof.

118. Referring to paragraph 118, DreamWorks denies the allegations thereof.

LAX01_31453392_1_210786_00093 8/27/2008 9:49 AM

119. Referring to paragraph 119, DreamWorks denies the allegations thereof.

120. Referring to paragraph 120, DreamWorks denies the allegations thereof.

121. Referring to paragraph 121, DreamWorks denies the allegations thereof, and specifically denies that Plaintiffs, or any of them, have sustained or are entitled to recover any damages whatsoever as a direct or proximate result of any alleged act or omission by DreamWorks.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

122. DreamWorks affirmatively alleges that the First Amended Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

123. DreamWorks affirmatively alleges that some or all of the Plaintiffs lack standing to assert the claims for relief purportedly alleged in the First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver, Estoppel and Laches)

124. DreamWorks affirmatively alleges that the First Amended Complaint, and each purported claim for relief therein, is barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

125. DreamWorks affirmatively alleges that if any elements of protectible

expression contained in any of Plaintiffs' works were in any manner used or incorporated into the television series *Las Vegas*, which DreamWorks expressly denies, such use constitutes a fair use, and Plaintiffs are precluded from obtaining any relief therefor.

## FIFTH AFFIRMATIVE DEFENSE
### (Scenes A Faire)

126. DreamWorks affirmatively alleges that if any material, concepts or ideas contained in any of Plaintiffs' works were in any manner used or incorporated into the television series *Las Vegas*, which DreamWorks expressly denies, Plaintiffs are precluded from obtaining any relief therefor because such material, concepts and/or ideas constitute unprotectible scenes a fair and/or stock scenes.

## SIXTH AFFIRMATIVE DEFENSE
### (Established Facts)

127. DreamWorks affirmatively alleges that if any material, concepts or ideas contained in any of Plaintiffs' works were in any manner used or incorporated into the television series *Las Vegas*, which DreamWorks expressly denies, Plaintiffs are precluded from obtaining any relief therefor because such material, concepts and/or ideas constitute unprotectible established facts.

## SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

128. DreamWorks affirmatively alleges that if any material, concepts or ideas contained in any of Plaintiffs' works were in any manner used or incorporated into the television series *Las Vegas*, which DreamWorks expressly denies, Plaintiffs are precluded from obtaining any relief therefore, in whole or in part, because DreamWorks acted in good faith and without an intent to infringe.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack or Inadequacy of Consideration)

129. DreamWorks affirmatively alleges that Plaintiffs are barred, in whole or in part, from obtaining any relief for breach of implied contract because the purported implied contract fails for lack or inadequacy of consideration.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Essential Terms/Vagueness)

130. DreamWorks affirmatively alleges that Plaintiffs are barred, in whole or in part, from obtaining any relief for breach of implied contract because the purported implied contract is too indefinite, vague, ambiguous and/or is missing essential terms.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Novelty)

131. DreamWorks affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because their ideas were not novel and/or were already known to DreamWorks.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Preemption)

132. DreamWorks affirmatively alleges that Plaintiffs' state law claims are preempted by the federal Copyright Act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

133. DreamWorks affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Independent Creation)

134. DreamWorks affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because the television series *Las Vegas*, upon which each of Plaintiffs' claims is based, was conceived, created and developed independently of Plaintiffs, and without the use of any materials, concepts, ideas or writings allegedly submitted by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, DreamWorks prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by their First Amended Complaint, and that either the First Amended Complaint should be dismissed with prejudice or judgment should be entered thereon in favor of DreamWorks and against Plaintiffs;

2. For DreamWorks' costs of suit incurred herein, including its attorneys' fees to the extent permitted by law; and

3. For such other and further relief as the Court deems just and proper.

Dated: August 27, 2008

KATTEN MUCHIN ROSENMAN LLP
GAIL MIGDAL TITLE
DAVID HALBERSTADTER
TIFFANY J. HOFELDT

By _____
Tiffany J. Hofeldt
Attorneys for Defendant
DREAMWORKS LLC

## DEMAND FOR JURY TRIAL

Defendant DREAMWORKS LLC respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues for which they are entitled to a trial by jury.

Dated: August 27, 2008

KATTEN MUCHIN ROSENMAN LLP
GAIL MIGDAL TITLE
DAVID HALBERSTADTER
TIFFANY J. HOFELDT

By _____
Tiffany J. Hofeldt
Attorneys for Defendant
DREAMWORKS LLC